STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
Email: michael.t.pyle@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE SEOUL CENTRAL DISTRICT COURT IN SEOUL, REPUBLIC OF KOREA IN THE MATTER OF AHIN PARK V. UNKNOWN ET AL. | MISC. NO.<br><br>**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO** 28 U.S.C. § 1782 |

The United States of America submits this Memorandum in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from judicial authorities in Seoul, Republic of Korea for international judicial assistance to obtain certain documents from Meta Platforms, Inc. ("Meta") to learn the identify of the account holders of four Instagram accounts.

///

///

///

---

[1] *In re Letters Rogatory from Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas.").

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT
TO 28 U.S.C. § 1782          1

**INTRODUCTION**

The request for international judicial assistance comes from the Seoul Central District Court in Seoul, Republic of Korea. Specifically, the Court has issued a Letter of Request requesting judicial assistance to obtain documents for use in the case captioned *Ahin Park v. Unknown et al.,* Foreign Reference Number 189-34-23-2. *See* Declaration of Assistant United States Attorney Michael T. Pyle ("Pyle Dec."), Ex. 1 (Letter of Request dated November 30, 2022).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Republic of Korea Court is adjudicating the case captioned *Ahin Park v. Unknown et al.*, a case where the plaintiff alleges that defendants, by means of his or her Instagram account, insulted the plaintiff publicly and the plaintiff claims financial damages and mental distress due to the defamation or insult of the defendants. *Id*. at pg. 4. The Court requests documents identifying the defendants since that information is only known by Meta, and the request identifies four Instagram accounts: "ksksksms12", "bagaindw," "ugugjisa", and "gogosim4." *Id*. at pg. 8. Meta requires a subpoena to provide the requested documents. *See* Pyle Dec., ¶ 4 & Ex. 2.

The Republic of Korea Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter HCCH 1970 Evidence Convention].

The request was then transmitted to the U.S. Attorney's Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

**ARGUMENT**

**I.    THE HCCH 1970 EVIDENCE CONVENTION**

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention pmbl. The

HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the United States and Republic of Korea. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited January 11, 2023) (The HCCH 1970 Evidence Convention entered into force in Republic of Korea in December 2010).

Article 10 of the HCCH 1970 Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own Republic of Korea or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000).

## II.   STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782. This section states:

<u>Assistance to foreign and international tribunals and to litigants before such tribunals</u>

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign Republic of Korea or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). *See also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the HCCH 1970 Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory). *See also In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-

MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Republic of Korea Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004). *See also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Meta "resides or is found in" the Northern District of California because the Company's headquarters is in Menlo Park, California. *See* Pyle Decl., Ex. 2. Second, the Letter of Request explains that the documents are "for use in a proceeding before a foreign tribunal" as such documents are needed to identify the defendants for plaintiff's defamation case. *Id*. Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal." *Id*.

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to

  circumvent foreign proof-gathering restrictions or other policies of a foreign Republic of Korea or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's 'twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Republic of Korea Court.

  With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Meta is not a party to the proceedings and is presumably not subject to the Republic of Korea Court's jurisdiction because it is located in Menlo Park, California; thus, the first factor weighs in favor of granting the motion.

  Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Republic of Korea Court or the character of the proceedings.

  Additionally, this request was initiated by the Republic of Korea Court and not by an independent party; therefore, the Republic of Korea Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782      6

With respect to the third factor, because the requester is the Republic of Korea Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Republic of Korea discovery rules or to thwart policies of either the United States or Republic of Korea.  *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Republic of Korea Court's request for judicial assistance.

And with respect to the fourth factor, the requests seeks documents sufficient to identify four Instagram subscribers, and some other information about the four subscribers and therefore would not be unduly intrusive or burdensome.  *See, e.g.,* L*ondon v. Does,* 279 F. App'x 513, 515 (9th Cir. 2008) ("The request is not an attempt to avoid foreign evidence rules, and is not unduly intrusive or burdensome because it seeks to gather only identifying information for the accounts, such as the names and addresses of the users, and not the content of any communication."); *In re Canadian Private Copying Collective*, No. 11-MC-0028 (SRN/SER), 2011 WL 1641982, at *3 (D. Minn. Apr. 14, 2011), <u>report and recommendation adopted,</u> *Application of Canadian Private Copying Collective*, No. 11-MC-0028 (SRN/SER), 2011 WL 1642432 (D. Minn. May 2, 2011) (granting § 1782 application even where production may be burdensome due to the confidential nature of the documents and noting that the witness could object or move to quash the subpoena after it was granted); *In re Mentor Graphics Corp.*, No. 16-mc-80037-HRL, 2017 WL 55875 (N.D. Cal. Jan. 4, 2017) (holding the first part of the request was not unduly burdensome despite fifteen year temporal scope because it "is required by the nature of the events at issue and the evidence sought." However, the second part of the request was overly burdensome because it sought eighteen years' worth of documents, including things totally unrelated to the matter at hand. The court concluded the benefit of this part of the request did not "outweigh[] the considerable burden of finding and producing" the documents.).  *See also In re Clerici,* 481 F.3d at 1335 (holding that it was the witness's burden to file a motion to limit discovery and, as he had not done so, the Court was not going to address the scope of the request).  Therefore, the fourth *Intel* factor weighs in favor of granting the Republic of Korea Court's request for judicial assistance.

However, even if the Court determines that the request is too burdensome in part, the request may be trimmed or "blue-penciled" such that it can be at least partially executed. *Intel Corp.*, 542 U.S. at 265 (noting that unduly intrusive or burdensome requests may be "trimmed" by U.S. courts). In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Republic of Korea Court.

A recent decision by this Court confirms that the Court should authorize the service of a subpoena on Meta. In *PM-Int'l AG v. Meta Platforms, Inc.*, No. 22-MC-80290-SVK, 2022 WL 17477093, at *5 (N.D. Cal. Dec. 6, 2022), the Court authorized a private party to serve a subpoena on Meta for information about an Instagram account holder who allegedly posted defamatory statements under Japanese law, with certain conditions.

**CONCLUSION**

Attached as Exhibit 4 to the Declaration of AUSA Michael T. Pyle is the proposed subpoena that this office intends to serve (in materially similar format) on Meta should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, Meta response to the subpoena will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Seoul Central District Court in Seoul, Republic of Korea.

The United States respectfully requests that the Court issue an Order, in the form accompanying this filing, appointing Assistant United States Attorney Michael T. Pyle Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated: January 17, 2023          Respectfully submitted,

                                 STEPHANIE M. HINDS
                                 United States Attorney


                                 /s/ *Michael T. Pyle*
                         By:     _____.
                                 MICHAEL T. PYLE
                                 Assistant U.S. Attorney
                                 Attorneys for United States of America

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT
TO 28 U.S.C. § 1782                          8