| | |
|---|---|
| 1 | |
| 2 | |
| 3 | **UNITED STATES DISTRICT COURT** |
| 4 | **NORTHERN DISTRICT OF CALIFORNIA** |
| 5 | **SAN JOSE DIVISION** |

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE SEOUL CENTRAL DISTRICT COURT IN SEOUL, REPUBLIC OF SOUTH KOREA<br><br>IN THE MATTER OF AHIN PARK V. UNKOWN ET AL. | Case No. 23-mc-80016-BLF<br><br>**ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>[Re: ECF No. 1] |

On January 17, 2023, the United States filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order appointing Assistant United States Attorney ("AUSA") Michael T. Pyle Commissioner for the purpose of issuing a subpoena to execute a Letter of Request from judicial authorities in Seoul, Republic of Korea for international judicial assistance to obtain documents from Meta Platforms, Inc. ("Meta"). *See* ECF No. 1 ("App."); 1-1 ("Mem."). For the reasons set forth below, the Court GRANTS the application.

**I.    BACKGROUND**

**A.    Procedural History**

The Seoul Central District Court in Seoul, Republic of South Korea issued a Letter of Request requesting judicial assistance to obtain documents from Meta for use in the case captioned *Ahin Park v. Unknown et al.*, Foreign Reference Number 189-34-23-2. *See* Declaration of Michael T. Pyle, ECF No. 1-2 ("Pyle Decl.") ¶¶ 2-3, Ex. 1 (ECF No. 1-3) ("LOR"). The Letter of Request was transmitted to the United States Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555 ("HCCH 1970 Evidence Convention" or "Convention"). Mem. at 2. The

1  Letter of Request was then transmitted to the U.S. Attorney's Office for the Northern District of
2  California for execution in accordance with 28 C.F.R. § 0.49(c).  *Id.*  To execute these requests,
3  the U.S. Attorney's Office needs to obtain authority from this Court pursuant to 28 U.S.C. § 1782.
4  *Id.*

### B. Factual Background

The case captioned *Ahin Park v. Unknown et al.* is a civil proceeding in which the plaintiff alleges that four defendants, by means of an Instagram account, insulted the plaintiff publicly. LOR at 4-5.  The plaintiff claims financial damages and mental distress due to the defamation or insult of the defendants.  *Id.* at 5.  The Seoul Central District Court in Seoul, Republic of Korea, requests information on the defendants' identity from Meta.  *Id.*  The request identifies four Instagram accounts about which it seeks information—"ksksksms12," "bagaindw," "ugugjisa," and "gogosim4."  *Id.* at 9.  Meta requires a subpoena to provide the requested documents.  Pyle Decl. ¶ 4, Ex. 2.

### C. This Application

The Government filed this *ex parte* application asking the Court for an order appointing AUSA Michael T. Pyle Commissioner for the purpose of issuing the subpoena to Meta to execute the Letter of Request.  *See* App.  The Government has provided a proposed subpoena.  *See* Pyle Decl. Ex. 4 (ECF No. 1-6) ("Prop. Subpoena").

## II. LEGAL STANDARD

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose."  HCCH 1970 Evidence Convention pmbl.  The Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state."  *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987).  The Convention is in force in both the United States and the Republic of Korea.  *See* Hague Conference on Private International Law, Status Table for the Convention of 18 March

1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited March 7, 2023).

Article 10 of the HCCH 1970 Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10. Article 9 of the Convention provides that "[t]he judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed" and that "[a] Letter of Request shall be executed expeditiously." *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, is the law of the land. *See Société Nationale*, 482 U.S. at 533 ("[P]etitioners correctly assert that . . . the Hague Convention [is] the law of the United States.").

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); *see also Société Nationale*, 482 U.S. at 529-32 (providing a brief history of the HCCH 1970 Evidence Convention). The statute's purpose is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

3

District courts have appointed Department of Justice attorneys to act as commissioners pursuant to Section 1782 for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g.*, *In re Clerici*, 481 F.3d 1324, 1329-30 (11th Cir. 2007) (affirming a district court's denial of a motion to vacate its appointment of an AUSA as a commissioner under Section 1782); *In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-mc-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice attorney as commissioner under Section 1982).

Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *Id.* at 260-61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties

4

will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). And "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte" as the witnesses can raise objections in motions to quash. *In re Letters Rogatory from Tokyo Dist, Tokyo, Japan.*, 539 F.2d 1216, 1219 (9th Cir. 1976). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

### III. DISCUSSION

#### A. Statutory Requirements

The request satisfies the requirements of Section 1782. First, the statute requires that the respondent be found in the district. A business entity is "found" in the judicial district where it is incorporated or headquartered. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases). Meta is headquartered in Menlo Park, California. Pyle Decl. ¶ 5, Ex. 3. That is within this district, so this requirement is met.

Second, the discovery must be for use in a proceeding in a foreign tribunal. Here, *Ahin Park v. Unknown et al.*, Foreign Reference Number 189-34-23-2 is a civil proceeding in a foreign tribunal—the Seoul Central District Court. *See* LOR. This requirement is clearly met.

Third, an application under Section 1782 may be made by a foreign or international tribunal or any interested person. Here, there is a Letter of Request from a foreign tribunal—the Seoul Central District Court. *See* LOR. This requirement is therefore met.

#### B. Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of

the Court granting the application.

### 1. Respondents are not participants in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Meta is not a party or participant in the civil proceeding in the Republic of Korea. This factor therefore weighs in favor of granting the application.

### 2. The Seoul Central District Court is receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016). Here, the Seoul Central District Court requested the information from Meta. *See* LOR. This factor weighs in favor of granting the application.

### 3. There is no circumvention of foreign discovery procedures.

The third factor asks a court to consider whether the requester is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014). Here, the fact that the request comes from the Seoul Central District Court supports that the request is not an attempt to circumvent the Republic of Korea's discovery rules. *See In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 529 (E.D. Va. 2010) ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). And there is nothing to suggest that the request seeks to circumvent any rules in the Republic of Korea.

1    Therefore, this factor weighs in favor of granting discovery.

### 4. The request is not unduly burdensome or intrusive.

The last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The subpoena seeks information from Meta about the identified accounts, including names, dates of birth, email addresses, cell phone numbers, and IP addresses. *See* Prop. Subpoena (citing LOR). It also seeks information on the relationship of the accounts and whether the subscribers of the identified accounts have any other accounts and, if so, the names of those accounts and any associated information. *See id.* The subpoena is narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendants, and courts have found that requests seeking similar information were not unduly intrusive or burdensome. *See, e.g.*, *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021). To the extent Meta asserts that any of the information sought by Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or the parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215- WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to Respondents).

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application. The Court ORDERS that AUSA Michael T. Pyle is appointed as Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance, and that Pyle is authorized to serve Meta with a subpoena in the form attached as Exhibit 4 to AUSA Pyle's Declaration.

Dated: March 7, 2023

_____
BETH LABSON FREEMAN
United States District Judge